**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Abdul Hakim Ali-El,** | **CASE NO. 1:17 CV 650** |
| Plaintiff, | **JUDGE PATRICIA A. GAUGHAN** |
| v. | |
| | **Memorandum of Opinion and Order** |
| **Timothy J. McGinty,** *et al.*, | |
| Defendants. | |

## INTRODUCTION

*Pro se* Plaintiff Abdul Hakim Ali-El filed this action against former Cuyahoga County Prosecutor Timothy J. McGinty, current Cuyahoga County Prosecutor Michael C. O'Malley, and Assistant Cuyahoga County Prosecutors Andrea Isabella, Lindsay Raskin, and Ben McNair. In the Complaint, Plaintiff challenges the search warrant used by Alcohol, Tobacco and Firearms ("ATF") agents to search his property and arrest him. He seeks monetary damages.

## BACKGROUND

On September 28, 2016, Plaintiff filed a civil rights action against four ATF agents, challenging the search warrant they used to search his property and arrest him. *See Hakim Ali El v. Brandon*, No. 1:16 CV 2396 (N.D. Ohio filed Sept. 28, 2016)(Gaughan, J.). That action is still pending. He filed this action on March 28, 2017 against the prosecutors listed above,

utilizing the same Complaint he filed against the ATF agents. In fact, except for the case captions, the pleadings are identical.

Plaintiff alleges ATF agents executed a search warrant on 1845 Hastings Ave., East Cleveland, Ohio 44112 on July 14, 2016. During the search, they removed items from the property, and arrested Plaintiff. He alleges the agents did not have probable cause to support the warrant, and violated his constitutional rights. The Complaint does not contain allegations against the prosecutors named as Defendants in this case.

**STANDARD OF REVIEW**

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), District Courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the District Court lacks subject matter jurisdiction over the claim. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

**DISCUSSION**

Because Plaintiff did not allege any facts or assert any legal claims against the individuals named as Defendants in this action, he has not established a basis for federal court subject matter jurisdiction. Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Neither form of jurisdiction has been established here. Diversity of citizenship does not exist in this case. Plaintiff lists Ohio addresses for himself and all of the Defendants. Plaintiff also has not established federal question jurisdiction because he has not asserted a federal cause of action against any of the Defendants named in this Complaint. Even with the liberal construction that this Court gives to *pro se* pleadings, the Court cannot construe a cause of action against County prosecutors based on allegations of constitutional violations committed by federal agents in obtaining what appears to be a federal search warrant.

Moreover, it is unlikely Plaintiff could amend his pleading to state a viable claim against these Defendants. Because they are all Cuyahoga County prosecutors, it is logical that Plaintiff may be bringing this action against them for their respective roles in past or current criminal prosecutions. Prosecutors, however, are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the state's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). The immunity also reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating ... judicial proceedings," *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000), or "undertak[ing] the defense of a civil suit," *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990). If Plaintiff named these Defendants because they are currently prosecuting him or have prosecuted him on criminal charges in the past, they would be absolutely immune from damages.

**CONCLUSION**

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                             /s/ Patricia A. Gaughan
                                             PATRICIA A. GAUGHAN
                                             United States District Judge

Dated: 5/16/17